THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PREPARED FOOD PHOTOS, INC. *f/k/a*
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

           Plaintiff,

v.

BRAVO WEST PIZZA, LLC, *f/k/a* MAMMA'S
FAMOUS RISTORANTE, and MYPIZZA
TECHNOLOGIES,
INC. *d/b/a* SLICE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No. 1:22-cv-10951

Judge Lewis A. Kaplan

## **DEFENDANT MYPIZZA TECHNOLOGIES, INC. *D/B/A* SLICE'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant MyPizza Technologies, Inc. *d/b/a* Slice ("Slice") respectfully answers the Complaint of Plaintiff Prepared Food Photos, Inc. *f/k/a* Adlife Marketing & Communications Co., Inc. as follows:

### **THE PARTIES**

1.    Slice lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and, on that basis, denies such allegations.

2.    Upon information and belief, admitted that Bravo West Pizza ("Bravo") has a location at 2345 Broadway, New York, NY 10024. Otherwise, Slice lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 2, and, on that basis, denies such allegations.

3.    Admitted.

20791941 v2

## JURISDICTION AND VENUE

4. The allegations set forth in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied.

5. The allegations set forth in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied.

6. The allegations set forth in paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied.

## FACTS

I. **Slice's Response to "Plaintiff's Business and History"**

7. Slice lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and, on that basis, denies such allegations.

8. Slice lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and, on that basis, denies such allegations.

9. Slice lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and, on that basis, denies such allegations.

10. Slice lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and, on that basis, denies such allegations.

11. The allegations concerning ownership set forth in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied. Otherwise, Slice lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint, and, on that basis, denies such allegations.

II.     **Slice's Response to "The Work at Issue in this Lawsuit"**

12.     Slice lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and, on that basis, denies such allegations.

13.     Admitted that an Exhibit A is attached to the Complaint. The allegations set forth in paragraph 14 of the Complaint refer to a document which speaks for itself, and, as such, Slice denies any allegations or characterizations inconsistent therewith. Otherwise, Slice lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint, and, on that basis, denies such allegations.

14.     The allegations concerning ownership set forth in paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied. Otherwise, Slice lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint, and, on that basis, denies such allegations.

III.    **Slice's Response to "Defendants' Unlawful Activities"**

15.     Admitted, upon information and belief, that Bravo operates a restaurant in New York, NY. Otherwise, Slice lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint, and, on that basis, denies such allegations.

16.     Admitted, upon information and belief, that Bravo advertises/markets its business through https://slicelife.com/restaurants/ny/new-york/10024/bravo-west-pizza/menu. Otherwise, Slice lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint, and, on that basis, denies such allegations.

17.     Admitted that Slice offers an online ordering platform for restaurants. Admitted further that independent pizzerias may utilize Slice's online ordering platform through mobile

applications that allow customers to place orders and allow the independent pizzeria to receive and fulfill such orders.  Otherwise, Slice denies the remaining allegations and characterizations set forth, and any wrongdoing implied, in paragraph 17 of the Complaint.

18. Admitted that Slice advertises and markets its business through a website at https://slicelife.com/, on social media at https://www.facebook.com/SlicePizzaApp/, and through other forms of advertising.  Otherwise, Slice denies the remaining allegations and characterizations set forth, and any wrongdoing implied, in paragraph 18 of the Complaint.

19. Admitted that Slice and Bravo are parties to a certain Restaurant Services Agreement, pursuant to which Slice provides certain limited services to Bravo.  Paragraph 19 of the Complaint refers to a document which speaks for itself, and, as such, Slice denies any allegations or characterizations inconsistent therewith.  Otherwise, denied as to the allegations and characterizations set forth in Paragraph 19 of the Complaint, and any wrongdoing implied.

20. The allegations concerning publication set forth in paragraph 20 of the Complaint are legal conclusions to which no response is required.  To the extent any response is required, denied.  Otherwise, denied.

21. Admitted that an Exhibit B is attached to the Complaint.  Otherwise, Slice lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint, and, on that basis, denies such allegations and characterizations set forth, and any wrongdoing implied.

22. Admitted that Slice was never a party to any agreement with Plaintiff and never, prior to Plaintiff's allegations, contacted Plaintiff for any reason.  Otherwise, Slice lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in paragraph 22

20791941 v2

of the Complaint, and, on that basis, denies such allegations and characterizations set forth, and any wrongdoing implied. Otherwise, denied.

23. The allegations set forth in paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied. Otherwise, denied.

24. The allegations set forth in paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied. Otherwise, denied as to the allegations and characterizations set forth in paragraph 24 of the Complaint, and any wrongdoing implied.

25. Slice lacks sufficient information to form a belief as to the truth of the allegations as to Plaintiff's purported "diligent efforts" and how or when Plaintiff discovered any alleged "use/display of the Work" as set forth in paragraph 25 of the Complaint and, on that basis, denies such allegations and characterizations set forth, and any wrongdoing implied. Otherwise, Slice denies the allegations and characterizations set forth in paragraph 25 of the Complaint, and any wrongdoing implied.

26. The allegations set forth in paragraph 26 of the Complaint are legal conclusions to which no response is required. Otherwise, denied.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Slice)

27. Admitted or denied as set forth above.

28. Denied.

29. Denied.

30. Denied.

31. The allegations set forth in paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied. Otherwise, denied.

32. Denied.

33. Denied.

34. The allegations set forth in paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied. Otherwise, denied.

35. The allegations set forth in paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, denied. Otherwise, denied.

36. Denied.

37. Denied.

38. Admitted that Slice utilizes a copyright disclaimer on its own website, but denied as to the characterizations set forth in paragraph 38 of the Complaint and any wrongdoing implied. Otherwise, denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**PRAYER FOR RELIEF**

Slice denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in Plaintiff's prayer for relief. Slice respectfully requests that each prayer for relief sought by Plaintiff be denied, that this court enter judgment for Slice and against Plaintiff on all counts, and that the Complaint be dismissed in its entirety with prejudice, and further that this court: (a) award Slice its costs of defending against Plaintiff's Complaint, together with reasonable attorneys' fees and costs as may be allowed by applicable law and/or the equity powers of this court; and (b)

20791941 v2

award Slice such other and further relief that this court may deem proper, including under 28 U.S.C. § 2202.

## COUNT II – COPYRIGHT INFRINGEMENT
## (BRAVO)

44.-61.     Slice is not required to respond to paragraphs 44 through 61, as Count II of the Complaint is directed to Defendant Bravo only and makes no allegation against Slice. To the extent any allegation is made or response is required, Slice denies the same.

### PRAYER FOR RELIEF

Slice denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in Plaintiff's prayer for relief. Slice respectfully requests that each prayer for relief sought by Plaintiff be denied, that this court enter judgment for Slice and against Plaintiff on all counts, and that the Complaint be dismissed in its entirety with prejudice, and further that this court: (a) award Slice its costs of defending against Plaintiff's Complaint, together with reasonable attorneys' fees and costs as may be allowed by applicable law and/or the equity powers of this court; and (b) award Slice such other and further relief that this court may deem proper, including under 28 U.S.C. § 2202.

### AFFIRMATIVE DEFENSES

Further answering the Complaint, Slice pleads the following affirmative defenses:

#### First Affirmative Defense

The Complaint fails to state a claim for relief.

#### Second Affirmative Defense

Plaintiff lacks standing.

### Third Affirmative Defense

Plaintiff lacks copyright ownership rights in the Work.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because some or all of the elements of the Work are not entitled to copyright protection.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because some or all of the elements of Work are not sufficiently original or creative so as to be entitled to copyright protection.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the creator of the Work did not independently create the photograph.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by laches.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by estoppel.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by acquiescence.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Slice did not possess the right or ability to supervise, and did not have an obvious or direct financial interest in any of the alleged conduct.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the conduct alleged was not committed by Slice and Slice did not further or contribute to any alleged infringement

### Thirteenth Affirmative Defense

Plaintiff is not entitled to damages because it has not been damaged.

### Fourteenth Affirmative Defense

To the extent Plaintiff suffered any damages, which Slice expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

### Fifteenth Affirmative Defense

Plaintiff's demand related to its licensing fee is not the fair market value of the Work.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Slice's conduct was in good faith and with non-willful intent, at all times.

### Seventeenth Affirmative Defense

Slice has not willfully infringed any copyright or other right owned by Plaintiff. Slice acted in good faith and without any intention of injuring Plaintiff.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, due to the good faith of Slice, including but not limited to, the innocent intent of Slice.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they lack any basis in fact or in law.

### Twentieth Affirmative Defense

Plaintiff is not entitled to attorneys' fees under the Copyright Act.

### Twenty-First Affirmative Defense

Slice is entitled to attorneys' fees under the Copyright Act because, among other reasons, Plaintiff's claims are objectively unreasonable.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because some or all of the elements of the Work was produced by a machine or mere mechanical process that operates randomly or automatically without any creative input. It follows that the Copyright Office should not have registered Plaintiff's claim for copyright in the Work.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the purported expression associated with the Work is based solely on a standard expression that naturally follows from the *idea* of chicken wings, ranch, and celery.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, under copyright law's merger doctrine. Plaintiff's claims are barred because there has been a merger of idea and expression in the Work. There are only a limited number of ways to photograph chicken wings, ranch, and celery. Consequently, the Copyright Office should not have registered Plaintiff's claim of copyright in the Work because extending copyright protection to Plaintiff's Work effectively accords protection to the very idea, procedure, or concept of chicken wings, ranch, and celery.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's claims are de minimis, are not copyrightable, and ought not to have been registered with the Copyright Office. As the Supreme Court stated, "copyright protects only those constituent elements of a work that possess more than a de minimis quantum of creativity." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 363 (1991). Plaintiff's Work contain no expression or only a de minimis amount of original expression and, therefore, neither are copyrightable, ought not to have been registered with the Copyright Office, and cannot be registered with the Copyright Office.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because some or all of the elements of the Work are unprotectable stock and commonplace *scenes a faire* that lack any originality.

### Twenty-Seventh Affirmative Defense

While Slice emphatically denies any use occurred, any such use of the Work is acceptable and protected according to the fair use doctrine.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has engaged in unclean hands.

### ADDITIONAL DEFENSES

Slice reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

### JURY DEMAND

Slice hereby demands a trial by jury on all triable issues.

| | |
|---|---|
| Respectfully submitted, | /s/ *Edward C. Wipper*<br>Edward C. Wipper (NY4095337)<br>BENESCH, FRIEDLANDER, COPLAN<br> & ARONOFF LLP<br>1330 Avenue of the Americas, 23rd Floor<br>New York, New York 10019<br>Telephone: 646.593.7051<br>Email: ewipper@beneschlaw.com<br><br>Mark Avsec (Pending Pro Hac Vice Admission)<br>Andrew G. Fiorella (Pending Pro Hac Vice Admission)<br>Lidia C. Mowad (Pending Pro Hac Vice Admission)<br>BENESCH, FRIEDLANDER,<br> COPLAN & ARONOFF LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114-2378<br>Telephone:  216-363-4500<br>Facsimile:  216-363-4588<br>mavsec@beneschlaw.com<br>afiorella@beneschlaw.com<br>lmowad@beneschlaw.com<br><br>*Counsel for Defendant MyPizza Technologies, Inc. d/b/a Slice* |

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served electronically upon the following via the Court's ECF system on this the 13 day of February, 2023:

Daniel DeSouza
dan@copycatlegal.com

                                             */s/ Edward C. Wipper*
                                             *One of MyPizza Technologies, Inc.'s Attorneys*